**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHERYL L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  24-CV-506-MTS |
| | ) | |
| FRANK BISIGNANO,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>OPINION AND ORDER</u>**

Plaintiff Cheryl L. requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act.  Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts the Commissioner erred because the ALJ incorrectly determined she was not disabled.  For the reasons discussed below, the Court **REVERSES and REMANDS** the Commissioner's decision denying benefits.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that

---

[1]  Effective May 7, 2025, pursuant to Fed. R. Civ. P. 25(d), Frank Bisignano, Commissioner of Social Security, is substituted as the defendant in this action.  No further action need be taken to continue this suit by reason of 42 U.S.C. § 405(g).

he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." *Id.*

Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920. Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that she has a medically severe impairment or combination of impairments that significantly limit her ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.

At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that she does not retain the residual functional capacity ("RFC") to perform her past relevant work.

If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account her age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Id*. at 750.

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). A court's review is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Soc. Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (citation omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). A court, however, may not re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if a court might have reached a different conclusion, the Commissioner's decision will stand if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## Background and Procedural History

On May 4, 2022, Plaintiff protectively filed an application for Title II disability insurance benefits, 42 U.S.C. § 401, *et seq.*, and Title XVI supplemental security income, 42 U.S.C. § 1381, *et seq.*, under the Social Security Act. (R. 18, 155-64, 725). She alleged an inability to work beginning on December 30, 2021, due to limitations resulting from her arthritis, heart condition, high blood pressure, COPD, spine-back condition, and post-traumatic stress disorder ("PTSD"). (R. 23, 197, 207, 212, 215, 277). Plaintiff was fifty-three years old at the time of the ALJ's most recent decision. (R. 29-30). She has at least a high school education, completing twelfth grade,

and past relevant work as a companion, sandwich maker, gate guard, stores laborer, and employment training specialist. (R. 28-29, 251, 263, 266, 278, 285).

Plaintiff's applications were denied both initially and upon reconsideration. (R. 18, 107-12, 113-19, 122-25, 126-29). On March 28, 2024, ALJ James L. Bentley conducted an administrative hearing via teleconference. (R. 38-60). After the administrative hearing, ALJ Bentley issued a decision on May 15, 2024, denying benefits and finding Plaintiff not disabled. (R. 15-37, 38-60). The Appeals Council denied review on August 23, 2024. (R. 1-7). As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

Following the five-step sequential process, the ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since December 30, 2021, the application date. (R. 20). At step two, he found Plaintiff suffered from severe impairments of COPD, fibromyalgia, GERD, anxiety, depressive disorder, and PTSD. (R. 20-21). The ALJ determined at step three that Plaintiff's impairments did not meet or equal a listed impairment. (R. 21-22). Based upon his consideration of Plaintiff's subjective allegations, the medical evidence, and the medical source opinion evidence, the ALJ concluded that Plaintiff retained the RFC to perform light work with the following additional limitations:

> [Plaintiff] is limited to occasional climbing of stairs and ramps [and] is unable to climb ladders and scaffolding. She is limited to occasional stooping, kneeling, crouching, and crawling and must avoid unprotected heights and dangerous moving machinery. She is limited to frequent handling and fingering bilaterally. Mentally, she is capable of understanding, remembering, and applying for simple multistep instructions, make simple work related decisions and concentrate and persist for extended periods in order to complete simple multistep work tasks with routine supervision. She is capable of interacting with and responding appropriately to others in a routine work setting, however would be limited to occasional work related interaction with the general public. She is capable of adapting to a routine

work setting where changes are infrequent, well explained, and introduced gradually and must avoid concentrated exposure to dust, fumes, odors, and poorly ventilated areas.

(R. 22).

At step four, the ALJ determined Plaintiff was unable to perform her past relevant work as a companion, sandwich maker, gate guard, stores laborer, and employment training specialist. (R. 28-29). After consultation with a vocational expert ("VE"), the ALJ concluded at step five that Plaintiff could perform the representative jobs of marker, housekeeping cleaner, and sub assembler, all of which he found existed in significant numbers in the national economy. (R. 29-30, 57). As a result, the ALJ found Plaintiff had not been under a disability from December 30, 2021, through the date of the decision. (R. 30).

### Errors Alleged for Review

Plaintiff raises several allegations of error in her challenge to the Commissioner's denial of benefits on appeal. Plaintiff alleges the ALJ's RFC is not supported by substantial evidence for three reasons: the ALJ failed to evaluate her cervical spine condition, failed to consider her prescription for a cane, and failed to properly evaluate her subjective statements. (Docket No. 17 at 6-15).

### Plaintiff's Need for a Cane

Pursuant to Social Security Ruling 96-9p, "[t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." 1996 WL 374185, at *7 (July 2, 1996). Although a prescription is not required, a claimant must present some medical documentation of the need to use a cane for it to be considered medically necessary. *See Staples v. Astrue*, 329 F. App'x 189, 191-92 (10th Cir. 2009); *Hille v. Colvin*, No. 15-CV-693- FHM, 2016 WL 7238951, at *2 (N.D. Okla. Dec. 13, 2016) ("Absent

medical documentation of Plaintiff's need for a cane, Plaintiff's use of a cane does not enter into the calculation of Plaintiff's RFC."). However, a claimant's testimony and other non-medical reports, without medical support, do not constitute proper documentation of the need for a cane. *See Smith v. Colvin*, No. 14-cv-413-TLW, 2016 WL 915255, at *3 (N.D. Okla. Mar. 7, 2016).

Plaintiff argues the ALJ failed to "discuss or evaluate the probative evidence of the order for a cane by Ms. [Fry]."[2] (Docket No. 23 at 6, 10). The Court construes Plaintiff's arguments as twofold: first, that the ALJ failed to properly address probative evidence of the cane prescription relevant to the RFC; and second, the ALJ failed to discuss medical evidence establishing the need for a cane resulting in legal error. *Id.* at 10. The two sources Plaintiff relies on include the order by Tracy L. Fry, APRN, from Plaintiff's December 18, 2023, appointment, to "start cane [] as directed"[3] and Plaintiff's own testimony that she used a cane when walking. (Docket No. 23 at 9; R. 43, 805, 809). As Plaintiff's "need for a cane may impact the outcome of [her] case," she requests remand to allow the ALJ to evaluate the prescription. *Id.* at 11.

The Commissioner contends the record evidence does not establish that Plaintiff's use of a cane was medically required. (Docket No. 13 at 8). He does not address the prescription by Ms. Fry beyond acknowledging Plaintiff's argument. (Docket No. 23 at 6). Instead, the Commissioner argues that the ALJ considered other pieces of evidence including: two observations by physicians regarding her gait, Plaintiff's own testimony and activities, and the lack of a finding by the state agency consultants regarding the need for a cane. (Docket No. 23 at 6; *See* R. 23, 24, 26, 28).

Though the Commissioner references the findings of the state agency consultants who

---

[2] Plaintiff misstates that Plaintiff ordered the prescription. (*See* Docket No. 17 at 10). The Court has changed the name to Ms. Fry to accurately reflect who ordered the prescription for Plaintiff's cane.

[3] The order itself states: "Start Cane Miscellaneous, [] as directed, 99 days, 1, Refills 0."

determined Plaintiff did not require a cane, those reviews occurred prior to Plaintiff's prescription for a cane. (Docket No. 23 at 6). The initial reviews occurred on August 23, 2022, and Plaintiff's prescription was dated December 18, 2023. (R. 61-68, 69-76). Similarly, the reconsideration reviews were conducted on April 12, 2023, also prior to the prescription. (R. 81-91, 92-102). Although the reviewer considered Plaintiff's use of a cane, noting she reported having a cane and walker, it was not prescribed at that time. (R. 89, 100).

The Commissioner also cites the ALJ's consideration of Dr. Jeffrey Young, D.O.'s findings, stating that "[Plaintiff] ambulated with a stable gait at a reduced speed without the use of an assistive device" (R. 24, 28, 507, 510), and Peter Ciali, Ph.D.'s findings, stating "[s]he ambulated with a normal gait." (R. 26, 28, 514). However, these observations occurred on August 10, 2022, over a year prior to Plaintiff's prescription. Additionally, the Commissioner cites Plaintiff's function report, noting "I try to walk as much as possible." (R. 272). However, within that same function report, only one page later, Plaintiff reports using a cane sometimes and when "walking a long time." (R. 273).

Here, the ALJ did not rely on the aforementioned evidence in concluding that a cane was not medically necessary. In fact, the ALJ omitted the use of a cane from the RFC without making any determination at all. Instead, the Commissioner attempts to use these findings even though the ALJ did not rely on them. However, this Court will not accept "post-hoc rationalizations to support the ALJ's decision that are not apparent from the [] decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207 (10th Cir. 2007); *see Smith v. Kijakazi*, No. CIV-22-839-STE, 2023 WL 4188566, at *4 (W.D. Okla. June 26, 2023) (same).

Moreover, the Court cannot determine how the ALJ interpreted the prescription or resolved the question of whether it established medical necessity for a cane because the ALJ omitted any

reference to Plaintiff's use of a cane from his decision. *See e.g.*, *Aguirre v. Saul*, No. CIV-18-1111-STE, 2019 WL 2552224, at \*7 (W.D. Okla. June 20, 2019) (reversing where the ALJ failed to discuss whether Plaintiff's walker was medically necessary when he had a prescription for it and testified to using it). Though the ALJ discusses Plaintiff's appointment on December 18, 2023, with Ms. Fry, noting "frequent falls[] and poor balance[,]" he fails to mention that a cane was ordered at this appointment. (R. 25, 809). Even if the ALJ had rejected it as medical documentation establishing the need for a cane, it is entirely unclear how or why he determined the cane was not necessary when omitting it from the RFC. *Kline-Byington v. O'Malley*, No. CIV-23-491-AMG, 2024 WL 1862322, at \*5 (W.D. Okla. Apr. 29, 2024) (finding a prescription for a cane probative "because it is the type of evidence the ALJ is supposed to consider" in determining medical necessity); *Aguirre*, 2019 WL 2552224, at \* 4 (stating the prescription "underscored the fact that an assistive device was medically necessary."). Rather, the ALJ relied on Dr. Young's observation that Plaintiff ambulated without the use of an assistive device at her consultative exam. (R. 24, 28). However, this observation occurred prior to the Plaintiff's cane being ordered by Ms. Fry, and the ALJ otherwise makes no reference to Plaintiff's use of a cane in his decision. (R. 24, 28).

Based upon its review of the record, the Court cannot determine if the prescription was considered or if it "enter[ed] into the calculation of Plaintiff's RFC." *Hillie*, 2016 WL 7238951, at \*2. While the prescription may be interpreted as "generalized evidence showing [] use [of a cane] is needed[,]" it could also be construed to mean that Plaintiff needed to "start" using a cane to address her poor balance, which is more specific than "generalized evidence of a condition that might require use of a cane" or mere "observation." *See c.f. Smith*, 2016 WL 915255, at \*4 ("[All] of the remarks regarding Plaintiff's cane are observational and none establish a requirement . . . or

describe a circumstance under which it is necessary."), citing *Staples*, 329 F. App'x at 192 and *Charles A. v. O'Malley*, No. 22-CV-00553-SH, 2024 WL 1256335, at *7 (N.D. Okla. Mar. 25, 2024) (finding notations that Plaintiff had an unstable gait, walked with a limp, and used a cane during examination observational and did not establish the need for a cane).  As aptly stated in *Hillie v. Colvin*, the Court "simply does not know how, or even if, the ALJ resolved the issue because [he] did not address it in the decision." *Hillie*, 2016 WL 7238951, at *2.

Plaintiff's testimony that she uses a cane on its own is insufficient evidence to establish medical necessity for a cane.  However, the ALJ should have considered her testimony in light of Plaintiff's prescription for a cane. *See Smith*,  2023 WL 4188566, at *4 (finding error where the ALJ failed to discuss whether the cane was medically required "which he was required to do in light of the fact that the record contained "medical documentation" establishing the need for a [cane]."); *Bullard v. O'Malley*,  No. CIV-24-258-STE, 2024 WL 3802499, at *4 (stating "[b]ased on Plaintiff's testimony and the medical documentation establishing Plaintiff's need for a cane, the ALJ was required to discuss [plaintiff's] need for the same.").

Absent an explanation of how the ALJ considered and thereby rejected Plaintiff's testimony that she used a cane and had a prescription for a cane, the Court cannot determine whether the use of a cane was considered in formulating the RFC. *Hillie*, 2016 WL 7238951, at *2; *See* SSR 96-9p,  1996 WL 374185, at *7 (directing that the ALJ "must always consider the particular facts of the case" including medical documentation that the assistive device "aid[s] in walking[.]"); *id.* (stating "the occupational base for an individual who might use [] a[n] [assistive] device for balance . . . may be significantly eroded.").  Therefore, the Court finds remand necessary to determine whether Plaintiff's use of a cane was medically necessary and the effect it may have on Plaintiff's RFC.

**The Remaining Allegations of Error**

Plaintiff's remaining allegations of error include the ALJ's failure to properly evaluate Plaintiff's cervical spine condition and subjective symptoms under SSR 16-3p. (Docket No. 17 at 6-9, 11-15). As these allegations of error may be affected on remand, the Court declines to consider the issues herein. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issue[] raised by appellant because [it] may be affected by the ALJ's treatment of this case on remand.").

**Conclusion**

For the foregoing reasons, the ALJ's decision finding Plaintiff not disabled is **REVERSED and REMANDED**.

IT IS SO ORDERED this 31st day of March, 2025.

MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT